# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| RUTHIE MICHELLE SWANSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 17-0127 (ABJ) |
| HOWARD UNIVERSITY, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

On December 15, 2016, plaintiff Ruthie Michelle Swanson, proceeding *pro se*, brought this action in the Superior Court of the District of Columbia against defendant Howard University, Inc. ("Howard") alleging that in 2002, defendant acted negligently by placing her back on full duty status as a nurse, thereby causing her to suffer a physical injury that resulted in a permanent disability. Def. Howard's Notice of Removal [Dkt. # 1] ("Def.'s Notice of Removal"); Ex. A to Def.'s Notice of Removal [Dkt. # 1–2] ("Compl.").

Defendant removed this action on diversity grounds under 28 U.S.C. § 1332(a). Def.'s Notice of Removal ¶¶ 5–12.[1] On January 26, 2017, defendant filed a motion to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that: (1) plaintiff's claim is barred under the doctrine of *res judicata*; (2) plaintiff failed to allege sufficient facts to state a claim; (3) a worker's compensation claim is plaintiff's exclusive remedy for any work-related injury; and (4) plaintiff's claim is barred by the statute of limitations. Def. Howard's Mot. to

---

1   Both the "diversity" and "amount in controversy" requirements have been met. Plaintiff is a citizen of the state of Georgia, defendant Howard is incorporated under the laws of the District of Columbia and operates its principal place of business in the District of Columbia, and plaintiff seeks damages in the amount of $10,000,000. Def.'s Notice of Removal ¶¶ 5–12.

Dismiss [Dkt. # 6] ("Def.'s Mot."); Mem. of P. & A. in Supp. of Def.'s Mot. [Dkt. # 6-1] ("Def.'s Mem.") at 6–9.  Plaintiff opposed defendant's motion on February 10, 2017, maintaining that she stated a claim for negligence against defendant.  Resp. to Def.'s Mot. [Dkt. # 9] ("Pl.'s Opp.") at 1.  Defendant replied on February 21, 2017.  Def.'s Reply to Pl.'s Opp. [Dkt. # 10] ("Def.'s Reply").

On January 26, 2017, defendant also filed a motion for costs and fees under Federal Rule of Civil Procedure 11, arguing that plaintiff has filed "multiple baseless claims" against it that are "based on the same incident," and that plaintiff should be sanctioned for filing "frivolous claims [] without a legal basis" that "are intended to harass Howard."  Def. Howard's Mot. for Attorney's Costs & Fees [Dkt. # 7] ("Def.'s Mot. for Costs & Fees") ¶¶ 8–9.  Plaintiff opposed the motion on March 13, 2017.  Opp. to Mot. for Sanctions [Dkt. # 11] ("Pl.'s Opp. to Def.'s Mot. for Costs & Fees").

After considering the parties' submissions, defendant's motion to dismiss will be granted and this case will be dismissed.  The Court will decline to award defendant costs and fees at this time, so that motion will be denied.

## BACKGROUND

### I. Factual Background[2]

Plaintiff was employed as a nurse at Howard University Hospital.  Pl.'s Opp. at 1, 5.  During her employment, she developed "seronegative rheumatoid arthritis," and her doctor recommended that she be placed on light duty.  *See id.* at 5.  Plaintiff worked in the Neonatal Unit

---

2    In accordance with *Schnitzler v. United States*, 761 F.3d 33 (D.C. Cir. 2014), the Court is relying upon plaintiff's complaint and her opposition in setting forth the facts that have been alleged.  *See id.* at 38 (concluding that when the action is brought by a *pro se* plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint").

and had been instructed not to lift more than ten pounds. *Id.* at 1. However, one of plaintiff's supervisors "demanded that [she] go to a heavy adult floor or be fired." *Id.* On September 11, 2002, when plaintiff lifted an adult patient, she sustained a wrist fracture in her "dominant right hand," which "precipitated a prompt flare of her rheumatoid arthritis and a dramatic progressive decline in her clinical status." *Id.* at 1, 5.

Plaintiff claims that she applied for worker's compensation benefits after she suffered her injury. Pl.'s Opp. at 1. Her pleadings reveal that she received disability benefits of $1,181 per month, but she maintains that she was entitled to more, and that by failing to pay her, defendant has breached its "Union Contract" with plaintiff. Pl.'s Opp. at 1, 3. Plaintiff now seeks $10,000,000 in damages. Compl.

## II.    Related Cases

Prior to filing the present case, Ms. Swanson filed two actions against defendant Howard and Prudential Insurance Company of America ("Prudential") in the Superior Court for the District of Columbia. Both cases have since been removed to this Court.

### A.    *Swanson v. Howard Univ., et al.*, No. 1:16-cv-01863 (D.D.C.) ("*Swanson I*")

On August 10, 2016, Ms. Swanson, proceeding *pro se*, initiated an action against Howard and Prudential in the Superior Court for the District of Columbia. *Swanson I*, Def. Prudential's Notice of Removal [Dkt. # 1] ("*Swanson I* Notice of Removal") ¶ 1; Ex. to *Swanson I* Notice of Removal [Dkt. # 1-1] ("*Swanson I* Compl.") at 4. According to the complaint, plaintiff "was taken off [her] light duty status and placed on full duty status illegally – thereby causing [her] disability." *Swanson I* Compl. at 4. Ms. Swanson also claimed that "Howard University never paid" her worker's compensation benefits, but rather "the university manager hid [her] union contract" and only paid her twenty-eight percent of her "pay per month" when she was supposed to receive sixty

3

percent of her pay per month as a disability payment.  *Id.*  She sought $25,000,000 in damages.  *Id.*  The Court construed plaintiff's claim as one arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, since the disability benefits she sought were provided under an employer-sponsored insurance policy.  *See Swanson I*, Min. Order (Oct. 5, 2016).

Defendants moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6), and because plaintiff "failed to file a response to defendants' motions to dismiss on or before October 27, 2016" after being ordered to do so, the Court "treated defendants' motions as conceded and dismiss[ed] the case."  *Swanson I*, Order [Dkt. # 13].

Ms. Swanson moved for reconsideration of the Court's Order granting defendants' motions to dismiss, *Swanson I*, Pl.'s Mot. for Recons. [Dkt. # 15], but the Court denied her motion on April 4, 2017.  *Id.*, Mem. Op. & Order [Dkt. # 19].

**B.**  *Swanson v. Howard Univ.*, **No. 1:16-cv-02343 (D.D.C.) ("*Swanson II*")**

On October 3, 2016, Ms. Swanson, again proceeding *pro se*, initiated an action against defendant Howard in the Superior Court of the District of Columbia.  *Swanson II*, Def. Howard's Notice of Removal [Dkt. # 2] ("*Swanson II* Notice of Removal") ¶ 1; Ex. A to *Swanson II* Notice of Removal [Dkt. # 2-1] ("*Swanson II* Compl.") at 7.  Ms. Swanson alleged that Howard "illegally" removed her "case from the Superior Court to the U.S. District Court" and that "Howard University [was] trying to delay [her] court date."  *Swanson II* Compl. at 7.  Plaintiff sought $10,000,000 in damages.  *Id.*  Defendant construed plaintiff's claim as one for "abuse of process related to [her] previously filed and removed lawsuit against Prudential and Howard:  U.S.D.C. Case No. 1:16-cv-01863."  *Swanson II* Notice of Removal ¶ 5.

4

On January 16, 2017, defendant filed a motion to dismiss. *Swanson II*, Def. Howard's Mot. to Dismiss [Dkt. # 8] ("*Swanson II* Def.'s Mot."). Plaintiff opposed the motion on February 1, 2017. *Id.*, Pl.'s Opp to *Swanson II* Def.'s Mot. [Dkt. # 10] ("*Swanson II* Pl.'s Opp."). And the Court granted defendant's motion to dismiss on April 13, 2017. *Swanson II*, Order [Dkt. # 11].

## STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 556 U.S. at 678. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When considering a motion to dismiss under Rule 12(b)(6), the Court is bound to construe a complaint liberally in the plaintiff's favor, and it should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the

plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See id.*; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

Where the action is brought by a *pro se* plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler*, 761 F.3d at 38, because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## ANALYSIS

**I. Plaintiff's claim is barred by the applicable statute of limitations.**

Because plaintiff's alleged injury occurred over fourteen years ago, her negligence claim is barred by the applicable statute of limitations. Statutes of limitation are "designed to promote justice" and protect defendants against the unforeseen "revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 348–49 (1944).

"Under District of Columbia law, an action for negligence must be brought within three years after a cause of action accrues." *Bussineau v. President & Dirs. of Georgetown College*, 518 A.2d 423, 425 (D.C. 1986), citing D.C. Code § 12-301(8). "Generally, a cause of action is said to accrue at the time injury occurs." *Id.*, citing *Shehyn v. District of Columbia*, 392 A.2d 1008, 1013 (D.C. 1978). The "discovery rule," under which a cause of action accrues at the time it is discovered, tends to only apply in cases in which "the actual injury manifests itself only years after the negligent act." *Woodruff v. McConkey*, 524 A.2d 722, 727 (D.C. 1987).

Here, plaintiff's complaint makes the bare assertion that "Howard University was negligent," which caused her to sustain "an injury," "which resulted in [her] having a permanent

disability." Compl. But her opposition and the documents attached to it shed light on what allegedly occurred: plaintiff injured her wrist at work on September 11, 2002 and this injury precipitated the flare up of plaintiff's rheumatoid arthritis for which she then received long-term disability benefits. *See generally* Pl.'s Opp.

However, nothing in plaintiff's complaint or opposition leads the Court to suspect that plaintiff did not "discover" her injury until years later. Rather, the documentation from her long-term disability provider, Prudential, and the July 13, 2004 letter from her doctor, imply quite the opposite since she began receiving disability benefits on March 11, 2003, and her doctor described plaintiff's "disabling rheumatoid arthritis" as "consequent to her work injury." *See* Pl.'s Opp. at 5–6. Plaintiff knew of her injury when it occurred on September 11, 2002, and therefore, plaintiff's negligence claim against Howard accrued approximately fourteen years before plaintiff filed suit. So, the claim is barred by the three-year statute of limitations, and the Court will grant defendant's motion to dismiss.[3]

## II. Plaintiff's claim is barred by the doctrine of *res judicata*.

Defendant also contends that plaintiff's claim is barred by the doctrine of *res judicata*, and the Court agrees. *Res judicata*, or claim preclusion, bars "successive litigation of the very same

---

3 Although plaintiff's complaint refers to defendant's acts as "negligent," the gravamen of her complaint is that she was taken off of light duty status and transferred back to full duty status, despite her disability and inability to lift more than ten pounds. *See generally* Pl.'s Opp.; Compl. But, even if the Court reads plaintiff's complaint liberally as a claim for a failure to accommodate a disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, plaintiff's claim would still be barred for failure to exhaust her administrative remedies because there is no indication that she filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged discriminatory conduct. *See Gordon v. District of Columbia*, 605 F. Supp. 2d 239, 244 (D.D.C. 2009) ("The ADA does not include its own statute of limitations. Instead, the ADA adopts the procedures set forth in Title VII of the 1964 Civil Rights Act . . . . An administrative complaint must be filed with the EEOC within 180 days of the alleged unfair employment practice."); *see also* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5.

claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001); *see Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes parties or their privies from relitigating issues that were or could have been raised in that action."), citing *Cromwell v. Cty. of Sac*, 94 U.S. 351, 353 (1876). A subsequent lawsuit will be precluded if there "has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Havens v. Mabus*, 759 F.3d 91, 97–98 (D.C. Cir. 2014), quoting *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009).

"Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Drake v. F.A.A.*, 291 F.3d 59, 66 (D.C. Cir. 2002), quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984). "[I]t is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Page*, 729 F.2d at 820, quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (2d Cir. 1977). The Circuit has "embraced the *Restatement (Second) of Judgments'* pragmatic, transactional approach to determining what constitutes a cause of action," and has explained that the Restatement gives "weight to such considerations as whether the facts are related in time, space, origin, or motivation." *U.S. Indus., Inc. v. Blake Constr. Co.*, 765 F.2d 195, 205 (D.C. Cir. 1985), quoting Restatement (Second) of Judgments § 23(2) (1982).

Further, "[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *see Okusami v. Psychiatric Inst. of Wash., Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992) ("A dismissal . . . pursuant to Rule 12(b)(6), is a resolution on the merits . . . ."). Moreover,

"[c]ourts have found conceded motions to be dismissals on the merits for purposes of *res judicata*." *Gresham v. District of Columbia*, 66 F. Supp. 3d 178, 195 (D.D.C. 2014) (finding the case barred on *res judicata* grounds after plaintiff's previous action had been dismissed for plaintiff's failure to respond to the defendant's motion to dismiss); *see, e.g.*, *Porter v. U.S. Capitol Police Bd.*, 816 F. Supp. 2d 1, 5 (D.D.C. 2011) ("Granting a motion as conceded constitutes a final judgment on the merits for claim-preclusion purposes because the parties had a full and fair opportunity to litigate the claim in the prior action."); *Calica v. Comm'r of Social Sec.*, 601 F. Supp. 2d 203, 205 (D.D.C. 2009) ("[B]ecause [plaintiff] did not respond to the defendant's motion to dismiss in the [previous] suit she filed . . . she was deemed to have conceded the matters raised in the defendant's motion to dismiss . . . and an order of dismissal was entered that was based on the merits of the case . . . .").

Here, all four elements of *res judicata* have been met. First, the instant claim against Howard – "Howard University was negligent in allowing a supervisor to take me off my light duty status and placed me on full duty status whereby I sustained an injury which resulted in me having a permanent disability," Compl. – repeats facts specifically alleged in *Swanson I*:

> I was taken off my light duty status and placed on full duty status illegally – thereby causing my disability.

*Swanson I* Compl.

Each case involves the same parties: Ms. Swanson and Howard. And plaintiff's previously filed action against Howard was dismissed under Federal Rule of Civil Procedure 12(b)(6) as conceded, which constitutes a final judgment on the merits with *res judicata* effect. "The doctrine of *res judicata* embodies the principle 'that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so.'" *Kelly v. NovaStar*, 637 F. Supp. 2d 34, 38 (D.D.C. 2009), quoting *SBC Comms. Inc. v. FCC*, 407 F.3d

1223, 1229 (D.C. Cir. 2005) (emphasis in original). Plaintiff already had the opportunity to litigate any legal claims against Howard arising from her work injury, but she failed to do so.

Therefore, plaintiff's claim is also barred by the doctrine of *res judicata* and the Court will dismiss the complaint.[4]

### III. The Court will not award defendant costs and fees.

"'[T]he district court is accorded wide discretion' in determining whether sanctions are appropriate." *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 n.2 (D.D.C. 2010), quoting *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174 (D.C. Cir. 1985). "Rule 11 sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings." *Henok v. Chase Home Fin., LLC*, 926 F. Supp. 2d 100, 104 (D.D.C. 2013), quoting *Brown v. FBI*, 873 F. Supp. 2d 388, 408 (D.D.C. 2012). Under Rule 11, the question is "whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim." *Id.*, quoting *Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93, 100 (D.D.C. 2007). For that reason, Rule 11 includes a safe harbor provision, which requires that the motion first be served on the non-movant to allow that party to withdraw the challenged allegation or assertion. *See id.*; Fed. R. Civ. P. 11(c)(2). A court cannot consider the substantive aspects of the motion until this procedural rule has been satisfied. *See Henok*, 926 F. Supp. 2d at 104, citing *Brown*, 873 F. Supp. 2d at 408.

Here, defendant contends that it is entitled to costs and fees associated with responding to plaintiff's complaint because "[p]laintiff's multiple lawsuits filed against Howard are frivolous claims without a legal basis," and Rule 11 sanctions seek to "deter baseless judicial filings." Def.'s Mot. for Costs & Fees at 3. However, defendant has not complied with Rule 11's safe harbor

---

4  Because the Court has grounds to dismiss plaintiff's case based on the applicable statute of limitations and the doctrine of *res judicata*, it need not address any of the other legal grounds for defendant's motion.

provision.  Defendant's motion includes a certificate of service indicating that the motion was served via U.S. Mail to plaintiff on January 26, 2017, which was the same day the motion was filed on the public docket.  *Id.* at 4; *see Henok*, 926 F. Supp. 2d at 105.

Even if defendant had complied with the procedural rule, the Court is not currently inclined to exercise its discretion to impose a financial sanction in a case involving a *pro se* plaintiff.  However, plaintiff, who announced to the Court in opposition to this motion, "I do not want to hear from the [d]efendants again because I am refusing to entertain any more motions . . . ," Pl.'s Opp. to Def.'s Mot. for Costs & Fees at 2, should be aware that defendant's motions arise out of lawsuits that plaintiff initiated, and that the Court has the authority to issue sanctions if it finds it necessary to do so in the future.

## CONCLUSION

Therefore, the Court will grant defendant's motion to dismiss under Rule 12(b)(6) on the grounds that plaintiff's claim is barred by the statute of limitations as well as by the doctrine of *res judicata*.  However, defendant's motion for costs and fees will be denied.

A separate order will issue.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE:  April 13, 2017